```
          UNITED STATES DISTRICT COURT FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA
```

NORMAN N. SHELTON,                  :
                                    :
        Plaintiff                   : No. 4:CV-11-0368
                                    :
    vs.                             : (Complaint Filed 02/25/11)
                                    :
                                    : (Judge Muir)
WARDEN BLEDSOE, et al.,             :
                                    :
        Defendants                  :

**ORDER**

June 30, 2011

**Background**

On February 25, 2011, Norman N. Shelton, an inmate confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the above captioned Bivens[1] action, pursuant to 28 U.S.C. § 1331. He names as defendants thirty-two (32) employees of USP-Lewisburg. He raises claims of deliberate indifference to his safety and excessive use of force with regard to events surrounding an alleged August 29, 2010 assault upon him by his cellmate. (Doc. 1, complaint). In addition, Shelton generally alleges racial discrimination by staff and

---

2. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

complains of various forms of mistreatment, including "corporal punishment," the use of restraints, harassment, and being deprived of water, lights and sleep.  Id.

Presently before the Court are several motions to amend/correct the complaint, filed by Shelton. (See Docs. 24, 25, and 36).  For the reasons that follow, the motions will be addressed collectively and the motions to amend will be conditionally granted.

**Discussion**

The filing of an Amended Complaint is governed by Fed. R. Civ. P. 15(a):

> (1) Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A)  21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).  This Court's Local Rules require that a proposed amended pleading must accompany a motion.  See Local Rule 15.1(a).  The "amended pleading must be retyped or reprinted so that it will be complete in itself".  Id.

Based on the procedural history of this case, plaintiff no longer has the option to file an amended complaint as a matter of course.  The Complaint in this matter was filed on February 5, 2011, (doc. 1, complaint), and on June 20, 2011, defendants filed a motion to dismiss and motion for summary judgment. (Doc. 42). Shelton's motions to amend were not filed within twenty-one days of the filing of either his complaint, or defendants' motion.  Nor has Shelton offered any proof that he obtained the written consent of the defendants to file an amended complaint.  Nonetheless, allowance to amend at this point is still within the Court's discretion. We note that the recent series of motions to amend filed by plaintiff are accompanied by a series of revised statements of claim and the insertion or redaction of defendants, and not one cohesive amended complaint.  This piecemeal filing of an amended complaint is not acceptable.  If the Court were to accept all of plaintiff's documents as amendments, it would be difficult,

if not impossible, to attempt to (1) define all the claims; (2) delineate which defendants are alleged to be involved with each claim; and (3) establish the facts upon which plaintiff relies to support each claim.[2]  Fed. R. Civ. P. 8(a) would not require that the defendants or the Court, review the complaint and Shelton's "amendments" in its present form.  However, as Shelton is proceeding *pro se*, the Court will conditionally grant his motions to amend but require him to file a singular, complete, amended complaint for the Court and parties to review and screen pursuant to 28 U.S.C. § 1915.  Shelton is advised that the "amended complaint must be complete in all respects.

---

[2] To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Natale v. Camden County Corr. Facility, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005); Sutton v. Rasheed, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Liability cannot be imposed on a defendant in a § 1983 claim based on a respondent superior theory. Id.

It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Shelton's failure to file an appropriate amended complaint will result in the Court proceeding on the original complaint filed and ruling on the pending motion to dismiss and for summary judgment.

**ACCORDINGLY, IT IS HEREBY ORDERED THAT:**

1. Shelton's motions to amend/correct the complaint (Docs. 24, 25, and 36) are conditionally **GRANTED**.

2. Plaintiff is granted twenty-one (21) days to file an amended complaint. If plaintiff fails to file an appropriate amended complaint, one that complies with Fed. R. Civ. P. 8 and 20, this case will proceed on the original complaint as filed.

3. The amended complaint must be complete in all respects and must be a new pleading which stands by itself as an adequate complaint, without reference to the complaint or any amended complaint already filed.

4. The Clerk of Court is directed to send plaintiff two (2) copies of this court's form civil-rights complaint which plaintiff shall use for his proposed amended complaint.

5.  Plaintiff is cautioned to write neatly, clearly and to double-space his documents if he elects to attach additional pages to the court's form civil-rights complaint. Illegible documents will be stricken from the record and returned to plaintiff.

                           s/Malcolm Muir
                           MUIR
                           United States District Judge