United States District Court
for the
Middle District of Pennsylvania

**FILED**
WILLIAMSPORT

JUL 11 2011

PER _____
     DEPUTY CLERK

Norman N. Shelton
         Plaintiff

"vs"

Warden Bledsoe et al
         defendants

Case No. 4:11-cv-00368 WJN, DB

# Memorandum of Law in support of motion for a TRO and PRELIMINARY Injunction

Statement of the case:

1.) Norman N. Shelton, an inmate confined in the United States penitentiary, Lewisburg, pennsylvaina, filed the above captioned <u>Bivens</u>[1] action, pursuant to 28 U.S.C. § 1331 presently before the court plaintiff's motion for TRO and preliminary injunction....

plaintiff was placed in restrainst out of reprisal conduct by all the defendants, the restrainst were so tight they cut off plaintiff blood circulation and damage plaintiff nerves and his left and Right wrist. plaintiff want pictures taken of his wounds he received from being placed in restrainst to use as evidence. plaintiff seeks a temporary restraining order and a preliminary injunction to ensure that he receive proper medical care.

2.) As stated in the declaration submitted with this motion, the plaintiff was assaulted and attacked by prison staff who injured plaintiff left and right wrist. They refused to treat or otherwise call a specialist for physi--cal therapy... for plaintiff upon his request which was denied.

---

[1] Bivens v. six unknown Agents of the federal Bureau of Narcotics. 403 U.S. 388, 397 (1971).

3.) The defendants against whom relief is sought are respectively, The prison medical administrator, who is responsible for arranging specialized medical care that cannot be provided in the prison, and the Deputy Warden for administration, who is responsible for getting prisoners to their outside medical appointments.

4.) I am suffering irreparable harm in the form of continued physical and mental pain and suffering and an increasing risk that may never be restored the nerves and my left and right wrist.

Argument. point ①
 "plaintiff is entitled to a temporary restraining order and a preliminary injunction." In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, Courts generally con--sider several factors: whether the party will suffer, irreparable injury, the balance of hardship "between the parties, the likelihood of success on the merits and the public interest. Each of these factors favors the grant of this motion.

Point ② The plaintiff alleges that he has been denied care for a serious medical need contrary to a physician instruction. Such conduct by prison officials is a clear violation of the Eigth amendment. Estelle "vs." Gamble, 429 U.S. 97, 105, 97, S.ct, 285 (1976) (Nothing that intentionally interfering with the treatment once precribed, is a form of unlawful deliberate indifference, (see) also cases cited Elrod v. Burns 427. U.S. 347, 373, 96, S.ct. 2673/1976.

"The balance of hardship favors the plaintiff. In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of the moving party if the motion is denied will outweigh the suffering of the non-moving party if the motion is granted. (see) e.g. Mitchell -v- Cuomo, 748 F.2d 804, 808 (2d cir. 1984) and (see) Duran -v- Anaya, 642 F. Supp. 510, 527. (D.N.M. 1986). Holding that prisoner's interest in safty and medical care outweighed state's interest in saving money by cutting staff.

Conclusion:
   In this case, The grant of relief will serve the public interest because it is always in the public interest for prison officials to obey the law. Relief should be granted in favor of the plaintiff.

July 3, 11,

Respectfully submitted,
Norman M. Shelton #45969-083
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg Pa. 17837

# United States District Court
## for the
## Middle District of Pennsylvania

Norman N. Shelton
  Plaintiff

"vs"

Warden Bledsoe et al,
  defendants

Case No- 4:11 cv-00368 WJN-DB

---

Clerk of Courts,

May I depend upon you to use your acute professionalism and place your undivided attention on this very urgent request?

Urgent Reason, and Request: "A inmate on my rang flooded the rang I was asleep my legal papers were on the floor and all my copys were distroyed. "I've just mailed you the following motions could you please make copys of the following motions?

① Declaration in opposition to defendant's motion for summary judgment; ? ② plaintiff's statement of disputed facts and issues. ? ③ Brife in opposition to defendants summary judgment motion ④ There are genuine issue of material fact that preclude summary judgment for the defendants on the plaintiff use of force claim.

(July 3, 2011)

Respectfully submitted
Norman N. Shelton #45969066
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg Pa. 17837

Inmate Name: Norman V. Shelton
Register Number: 45969-066
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

Legal Mail

FILED
WILLIAMSPORT
JUL 11 2011
PER ____
          DEPUTY CLERK

Office of the Clerk
United States District Court
For the
Middle District of Pennsylvania
U.S. Courthouse, Suite 218
240 West Third St.
Williamsport, Pa. 17701-6460

17701$6460