United States District Court
for the
Middle District of Pennsylvania

FILED
SCRANTON
AUG 0 1 2011
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

Norman M. Shelton,
          Plaintiff
                                                    :
"vs"                                                :    Case No. 4:11-cv-00368 W.J.N.
                                                    :
          defendants                                :
Warden Bledsoe et al.                               :

Memorandum of Law in support of the plaintiff's motion
for the appointment of Counsel.

Statement Of Case:

1.) On February 25, 2011 Norman M. Shelton, an inmate confined in the United States penitentiary, Lewisburg [USP Lewisburg] Pennsylvania, filed the above captioned Bivens action pursuant to 28. U.S.C. § 1331. Plaintiff names as defendants thirty two (32) Employees of U.S.P. Lewisburg. Plaintiff raises claims of deliberate indifference to his safty and excessive use of forces with regards to events surrounding and August 30, 2009 and Nov. 26, 2009. Assault upon plaintiff cell mate. officials forced plaintiff against his will to be place in cells with gang members.

2.) Plaintiff also raises racial discrimination by staff and complaints of the malicious, mistreatment, Including corporal punishment, the use of restraints to cause harm and suffering to Plaintiff, they have harassed and deprived Plaintiff of water, lights, and sleep,

3.) In the sprit of the eighth amendment. Plaintiff assert claims for the unconstitutional misuse of force and the denial of medical care for injuries inflicted during the misuse of force.

"continue to next (2)"

4.) Statement Of facts:

The complaint alleges that the Plaintiff was assaulted by two different gang members one on August 30, 2009 and another on 9/26/2009. After the incident of Aug. 30. 09 plaintiff gave defendants Bledsoe, A.W. young, Captain trate, S.I.S. Heath, and S.I.A. Perrin and unit manager Admi a list of Plaintiff foreseeable enemys and request to only cell with muslims. That request was denied by the above defendants, for reprisal conduct, Plaintiff filed grievance and that was their way of getting back at plaintiff. And the above defendants are still placing gang member's in the rec cage with plaintiff hoping they kill him.

5.) The Plaintiff was convicted at a disciplinary hearing conducted by Chambers, of assaulting staff, threating staff and refusing a direct order, "The hearing officer denied Plaintiff's request to call as witnesses inmates and staff members who were present during the incident. Chambers convicted the Plaintiff of all charges despite the complete lack of any evidence. And got upset and yelled at Plaintiff for stating you are violating due process by refusing to call my witness, to my written appeals, you have not given me any of my D.H.O. appeal package so I could appeal to the regional. Chambers had Plaintiff removed from the hearing stating this hearing will continue without you! Warden Bledsoe denied Plaintiff's disciplinary appeal. Plaintiff prays that this honorable Court subpoena the defendants ordering them to give Plaintiff all (23) of the fabricated lying incident report, packages from D.H.O. so Plaintiff can appeal them all.

(1 of 2)

# Argument

6.) Plaintiff request counsel be appointed from this Honorable Court. In deciding whether to appoint counsel for an indigent litigant, the court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah, v. Gunter, 949 F.2d 1032, 1035, (8th cir 1991) (citation omitted). Cert denied, 112 S.Ct. 1995 (1992) In addition Courts have suggested that the most important factor is whether the case appears to have merit, As this case do. Cooper v. A Sargenti Co, Inc, 877 F.2d 170, 173 (2d Cir 1989). Each of those factors weighs in favor of appointing counsel in this case.

7.) Factual Complexity: The Plaintiff alleges that several correctional officers physically abused him, while others stood by and watched. Plaintiff also asserts that certain prison supervisors were on notice of the violent propensities of some of these officers and did nothing about them. Plaintiff challenges the denial of medical care after the incident by two other defendants, finally, Plaintiff claims denial of Due process by a disciplinary hearing officer, and warden Bledsoe. The sheer number of claims and defendants, makes this a factually complex case.

8.) In addition, one of the Plaintiff's claims involves the denial of medical care, it will probably be necessary to present a medical expert witness or to cross-examine medical witnesses called by the defendants, or both, The presence of medical or other issues requiring expert testimony supports the appointment of Counsel. Moore, v. Mabus, 976 F.2d, 268, 272 (5th cir, 1992)

(1 OF 3)

9.) See... Jackson -vs- County of Mclean, 953 F.2d 1070, 1073, (7th cir 1992)(And see) Tucker vs- Randall 948 F.2d 388, 392 (7th cir 1991).
Merit of the Case: The Plaintiff's allegations, if proved clearly would establish a constitution violation. The unprovoked and injurious beating alleged in the complaint, clearly states an Eighth amendment violation, see Hudson -vs- Mcmillian __ US __ 112 S.Ct 995, 1000 (1992) The allegations of denial of medical care amount to "intentionally" interfering with the treatment once prescribed which the Supreme Courts has specifically cited as an example of unconstitutionally deliberat indifference.

10.) To prisoner's medical needs, Estelle -vs- Gamble, 429 U.S. 97, 105, 97 S.ct 285 (1976) The unjustified denial of witness, conviction of a disciplinary offense with no supporting evidence and the failure to give a meaningful statement of reason for the decision are all plain violations of due process. Ponte v. Real, 471 U.S. 497, 105 S.ct 2192 (1985) superintendent v. Hill, 472 U.S. 445, 457, 105 S.ct 2768 (1985) Dyson v. Kocik, 689 F.2d 466, 467-68 (3rd cir 1982), on the law then, this is meritorious case.

Conclusion

For the foregoing reasons, the court should grant the plaintiff's motion and appoint counsel in this case.

7/26/11 (date)
Norman M. Shelton #45969-066
U.S.P. Lewisburg
P.O. Box 1000
Lewisburg, Pa. 17837

Certificate of Service

I Norman W. Shelton. Do declear under penalty of prejury, states that the Following is true and correct to the best of my Knowledge, and understanding, that I've mailed the enclosed motion to the court listed below.

To,
Office of the Clerk
United States District Court
Middle District of Pennsylvania
William j Nealon Federal Bldg, U.S. Courthouse,
235 North Washington Ave,
P.O. Box 1148
Scranton Pa. 18501-1148

(and)
United States Attorneys office
Middle District of Pennsylvania
228 Walnut St. Suite 220
Harrisburg pennsylvania, 17108-1754

P.S.
To, Clerk of Courts,
please send Plaintiff a current copy or edition of the Courts rules,
(thank you)
(Have a nice Day)!