UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

NORMAN N. SHELTON,

    Plaintiff

vs.

WARDEN BLEDSOE, et al.,

    Defendants

: No. 4:CV-11-0368
:
: (Judge Nealon)
:
:
:
:

**ORDER**

**Background**

On February 25, 2011, Norman N. Shelton, an inmate confined in the United States Penitentiary, Lewisburg ("USP-Lewisburg"), Pennsylvania, filed the above-captioned Bivens[1] action, pursuant to 28 U.S.C. § 1331. He named as Defendants thirty-two (32) employees of USP-Lewisburg. He raised claims of deliberate indifference to his safety and excessive use of force with regard to events surrounding an alleged August 29, 2010 assault upon him by his cellmate, and claims regarding his resulting medical care. (Doc. 1, complaint). In addition, Shelton generally alleged racial discrimination by staff and complained of various forms of mistreatment, including "corporal punishment," the use of restraints, harassment, and being deprived of water, lights and sleep. Id.

Acting on a series of motions to amend/correct his complaint, the Court, by Order dated June 30, 2011, permitted Shelton an opportunity to file an amended complaint. See (Doc.

---

1. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

55). To that end, Shelton was provided with two copies of this Court's civil-rights complaint form. Id. On July 11, 2011, Shelton filed two completed civil-rights complaint forms with the Court, both captioned with the docket number in this case. See (Docs. 58, 60). Along with the complaints, Shelton filed a brief in support of his amended complaints. (Doc. 59).

A review of Plaintiff's amended complaints reveals that Plaintiff's second amended complaint, (Doc. 60), is a duplicate copy of the first three pages of Plaintiff's first amended complaint, (Doc. 58). Thus, Plaintiff's second amended complaint (Doc. 60) will be stricken from the record as duplicative.

With respect to Plaintiff's first amended complaint, (Doc. 58), the Court finds that a majority of this document does not satisfy the requirements of Federal Rule of Civil Procedure 8(a) and Federal Rule of Civil Procedure 20(a). While the first four pages of Plaintiff's first amended complaint sets forth allegations surrounding the August 30, 2009[2] incident, the next sixteen (16) pages relate to incidents that occurred subsequent to the August 30, 2009 assault, and are not directly connected to the facts which form the basis of the original complaint.

Rule 8(a) requires that a plaintiff provide a "short, plain statement" of his claims. FED. R. CIV. P. 8(a). As the word "Rule" implies, Rule 8 is not merely aspirational; if a complaint does not comply with the Rule, it may be stricken. See Nagel v. Pocono Med. Ctr., 168 F.R.D. 22, 23 (M.D. Pa. 1996) (citing Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995)).

---

[2]Although Plaintiff's original complaint listed the date of the incident as August 29, 2010, Plaintiff corrects this in his first amended complaint to reflect the date of the incident as August 30, 2009. (See Doc. 58, amended complaint).

Plaintiff's first amended complaint is twenty (20) pages long, incorporates thirty-one (31)[3] of the originally named thirty-two (32) Defendants, and consists of twenty-seven (27) paragraphs that concern events unrelated to the original complaint. While it is clear from the first four (4) pages of the first amended complaint that Shelton is asserting Eighth Amendment claims of failure to protect, excessive force and denial of medical treatment, the remainder of the first amended complaint alleges many new causes of action against many of the Defendants. Thus, Shelton is attempting to join various Defendants, related or not, in one lawsuit. This violates Federal Rule of Civil Procedure 20(a).

Rule 20 sets forth the proper test for determining whether parties are properly joined in an action. In pertinent part, the Rule provides:

> (a) Permissive Joinder. All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or **arising out of the same transaction, occurrence, or series of transactions or occurrences** and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

FED. R. CIV. P. 20(a) (emphasis added). Courts have broad discretion in applying Rule 20 to reduce inconvenience, delay, and added expense to the parties and to the court, and to promote judicial economy. See 7 Charles Alan Wright et al., Federal Practice and Procedure § 1653 at 410-12 (3d ed. 2001).

The Court finds the latter sixteen (16) pages of Plaintiff's first amended complaint violate Rule 20, as they constitute new causes of actions involving persons not involved in the allegations

---

[3] Plaintiff seeks to remove Correctional Office Moffat from his amended complaint. (See Doc. 58, amended complaint).

of the original complaint. As such, pages five (5) through twenty-one (21), as filed, will be extracted from first amended complaint, stricken from the record, and returned to Plaintiff.

Meanwhile, the first four (4) pages of Plaintiff's first amended complaint will proceed as Plaintiff's amended complaint of record. See (Doc. 58, pp. 1-4, as filed). The amended complaint will proceed against only those Defendants named within the first four (4) pages of Plaintiff's first amended complaint; specifically, Correctional Officers Raup and Whittaker, Lieutenants Heath and Galletta, and Medical Examiner Potter. The remainder of the Defendants will be dismissed from the instant action.

**ACCORDINGLY, THIS 10th DAY OF AUGUST, 2011, IT IS HEREBY ORDERED THAT:**

1. The Clerk of Court is directed to extract pages one to four (1 - 4) from Plaintiff's first amended complaint (Doc. 58), consider them as the amended complaint of record, file and docket them as same.

2. The Clerk of Court is directed to strike the remaining sixteen (16) pages of the first amended complaint (Doc. 58) and return them to Plaintiff.

3. Plaintiff's amended complaint is permitted to proceed with respect to Defendants: Correctional Officers Raup and Whittaker, Lieutenants Heath and Galletta, and Medical Examiner Potter. The remainder of the named Defendants are to be terminated from the instant action.

4. The Clerk of Court is directed to serve Plaintiff's amended complaint on the five (5) Defendants named therein.

5. Plaintiff's second amended complaint (Doc. 60) is **STRICKEN** from the record as duplicative of the first three (3) pages of Plaintiff's first amended complaint.

6. Defendants' motion for enlargement of time to respond to the amended complaint, (Doc. 61) is **GRANTED**.

7. Defendants may respond to the amended complaint within sixty (60) days after service of the amended complaint.

8. Defendants' motion to dismiss and motion for summary judgment, directed at Plaintiff's original complaint, (Doc. 42) is **DISMISSED** as moot.

9. Defendants' motion to stay a response to Plaintiff's requests for temporary restraining orders or preliminary injunctions, until fourteen (14) days following resolution of Defendants' motion to dismiss and for summary judgment, (Doc. 43) is **DISMISSED** as moot.

10. Defendants shall respond to Plaintiff's motions for injunctive relief (Docs. 16, 20) within twenty (20) days of the date of this Order.

11. Plaintiff's motion for default judgment (Doc. 50) and motion requesting issuance of subpoena (Doc. 62) are **DENIED**.

*[signature]*

**United States District Judge**