United States District Court
for the Middle District of Pennsylvania

Norman N. Shelton

    Plaintiff,

"vs"

    defendants

Warden Bledsoe et, al

Civil No. 4:CV-11-0368
(Judge Nealon).

FILED
SCRANTON
FEB 08 2012
PER _____ DEPUTY CLERK

## Brief in opposition of defendants motion for Appointment of Counsel for Plaintiff

### Background

"This is a <u>Bivens</u> action brought by Plaintiff Norman N. Shelton, a federal prisoner Incarcerated at the United States Penitentiary in Lewisburg Pennsylvania ("U.S.P. Lewisburg") upon Plaintiff who filed his original complaint on February 25, 2011, and supplemented his complaint on March 22, 2011. On june 20, 2011, Defendants moved to dismiss Plaintiff's Shelton Supplemented Complaint and for entry of summary judgment in their favor. On june 30, 2011, The Court conditionally granted a motion by Plaintiff Shelton to amend his complaint and directed Shelton to file an amended Complaint which is complete in all respects, thereby rendering Defendants dispositive motion moot.

1.) Plaintiff Shelton seeks relief from this Honorable Court under title 28. U.S.C. § 1915 (e)(1). Which States that this Honorable Court may request an attorney to represent any person unable to afford Counsel. Plaintiff Shelton is indigent and poor but pray for this Honorable Court to appoint Counsel to Plaintiff Shelton on the foundation of fairness and justice. Plaintiff file his Complaint In hopes to receive a fair and impartial judgment by this Honorable Court. "yes" It is clear and true that pro-se litigants have no right to Court-appointed Counsel.

2.) However, It is also true that this Honorable Court can not just stand in the background and watch a massacre take place right before its eyes. "The defendants are mentally Sharp, with a high " " Volume of intensity to mentally surgically remove Plaintiff Shelton's whole existence from the court room just from their Intellect and litigation Knowledge alone. In-addition with their expansive, Broad and extensive Education In mind games, (Promoting a quality of professionalism). In-which is a narrow selfish interests, pertaining to this case before this Honorable Court.

3) The defendant lawyers have demonstrated their masquerade of the Facts, Stating Plaintiff Shelton had A Attorney Tobin as representation. (no). She wanted to dismiss Plaintiff Pro-se case, by which the defendants lawyers stated would render their motion for summary judgment moot. Plaintiff Shelton rejected Attorney Ms. Tobin representation on the grounds that he would not dismiss the defendants for the excessive use of force, the mistreatment of prisoner, the deprivation of lights, water, and sleep. If by any Chance Ms. Tobin would have expressed that she would fight the defendants lawyer's every step of the way, "yes" Plaintiff Shelton would love to have her representation. So she could remove the disguises of the defendants bad behavior and abuse of authority to this Honorable Court.

4.) Material Facts, Plaintiff Shelton is not in no way regarded as an office of the Court nor do Plaintiff Shelton have the ethical and professional Conduct to not violate those standards by which this Honorable Court would censure, and discipline as a result of any violation. Plaintiff Shelton attest to the fact that this Honorable Court and judg did grant Plaintiff Shelton a opportunity of advancement to his Knowledge of the process and the ability and experience to participate. But as of now, Plaintiff Shelton is lost and do-not have the acquired skills or training to move any futher.

Conclusion, Plaintiff Shelton, prays and wish for Summary judgment to be issued in his favor. In addition to appointment of Counsel, the defendants would not allow me to go to the law library, thats why plaintiff Shelton could not file any cases along with this brief. plaintiff received (motion in opposition) to dPlaintiff appointment of Counsel on (2/6/12)

### (Certificate of Service)

Under the rule of penalty of perjury, I Norman U. Shelton do state the following information is true and correct to the very best of my understanding. that I placed the enclose documents in the institutional mail box and mailed them to the following addresses, Along with Exhibit (A) for Mr. judg Nealon.

To.
United States District Court
William j Nealon federal BLDG U.S. Courthouse
235 North Washington Ave
P.O.Box 1148
Scranton Pa. 18501-1148

and
United States Attorneys office
Middle District of Pennsylvania
228 walnut Street, Suite 220
Harrisburg, Pa. 17108-1754

Dow Jones Reprints: This copy is for your personal, non-commercial use only. To order presentation-ready copies for distribution to your colleagues, clients or customers, use the Order Reprints tool at the bottom of any article or visit www.djreprints.com

See a sample reprint in PDF format.        Order a reprint of this article now

# THE WALL STREET JOURNAL.
WSJ.com

U.S. NEWS   |   DECEMBER 19, 2011

## Suit Claims Prisoners Are Mistreated

By JOHN R. EMSHWILLER And GARY FIELDS

Norman Shelton, an inmate at the federal penitentiary in Lewisburg, Pa., claims prison officials twice forced him to share cells with inmates they knew would beat him because he is a Muslim. When he had objected to other dangerous cell assignments, he alleges, guards put him in restraints so restrictive he now has scars and nerve damage.

Attorneys this month sought class-action status for a lawsuit on Mr. Shelton's behalf, hoping to cover hundreds of Lewisburg prisoners they said were subjected to similar mistreatment. The suit, filed in the U.S. District Court for the Middle District of Pennsylvania, seeks monetary damages and an injunction against the use of restraints as punishment.



**Population Boom**

Number of federal prison inmates. Data for some years prior to 1995 are estimates.

Sources: U.S. Bureau of Prisons and Bureau of Justice Statistics

The petition claims Lewisburg officials routinely paired known enemies in the same cell, contributing to more than 270 inmate-on-inmate attacks since 2008. Some inmates were punished through "four-pointing," the strapping of all four limbs to a bed frame, for resisting a cell assignment, the filing says.

A federal Bureau of Prisons spokeswoman declined to comment on the litigation. She said the federal prisons use restraints only to prevent an inmate from harming others or himself, not as punishment. While restrained, a prisoner is monitored to ensure his health and safety, she said. Officials try to keep known enemies separated, she added.

The federal prison system is struggling to cope with a rising population caused by an increase in both criminal laws and sentences. Over the past three decades, the inmate population has grown eightfold, to roughly 200,000, according to government statistics. Federal prisons now house nearly 40% more prisoners than they are designed to hold.

The increasingly crowded system has spurred officials to look for new ways to keep order. One solution: housing some of the most troublesome inmates in a single facility to reduce disruptions at other prisons. In 2008, the Bureau of Prisons began moving about 1,100 such inmates to Lewisburg, one of the highest-security prisons in the system. Officials said other prisons have seen improved conditions as a result.

At Lewisburg, many inmates are routinely kept two men to a cell for 23 hours a day. The Bureau of Prisons should be housing its most dangerous prisoners one to a cell to protect other inmates and staff, said Michael

Meserve, a vice president of the Council of Prison Locals #33 of the American Federation of Government Employees, which represents workers at Lewisburg and other federal prisons. Prison administrators can't do that, however, because of overcrowding and lack of resources, he said.

"When you take problem inmates and put them all in one place like Lewisburg, you are creating a recipe for disaster," Mr. Meserve said.

The Bureau of Prisons spokeswoman acknowledged overcrowding is a problem but said the Lewisburg inmates are deliberately housed in pairs to teach them how to "coexist with others." Some 600 inmates have been successfully returned to general prison populations after spending time in Lewisburg, she said.

Philip Fornaci, one of Mr. Shelton's attorneys, said federal-prison officials use "brutal practices" to force inmates to accept dangerous cell assignments. The recent court filing in the lawsuit alleges that punishments at Lewisburg include "ambulatory restraints" that involve shackling an inmate's legs, cuffing his hands and attaching the cuffs to a chain around his torso. Restraints are often so tight they cause "severe pain, swelling, breathing and circulation problems" and interfere "with daily activities such as eating, drinking and toileting," according to the filing.

The lawsuit claims one inmate was kept for 28 days in ambulatory restraints so tight he was "screaming in pain." He was also put into four-point restraints for over eight hours, during which he was denied access to a urinal and "forced to lay in his own soil," the filing said.

The Bureau of Prisons spokeswoman said ambulatory restraints allow the inmate to eat, drink and take care of basic human needs. She said inmates in four-point restraints are given food, water and opportunities to use the restroom.

A separate lawsuit pending also in the U.S. District Court for the Middle District of Pennsylvania filed by former Lewisburg prisoner David Lee Womack against prison officials contends that during 26 days in ambulatory restraints he was unable to fully extend his body or "properly clean himself after using the toilet."

In a March decision denying a defense motion to dismiss the suit, Judge Christopher Conner wrote that "a reasonable official...would have known that placing Womack in restraints for 26 days violated the Eighth Amendment" ban on cruel and unusual punishment.

A government court filing said Mr. Womack was put in restraints after an altercation with a guard and kept restrained because he was a threat to himself or others. He was regularly monitored and his medical records don't support the injuries he claims, the filing said.

Copyright 2011 Dow Jones & Company, Inc. All Rights Reserved
This copy is for your personal, non-commercial use only. Distribution and use of this material are governed by our Subscriber Agreement and by copyright law. For non-personal use or to order multiple copies, please contact Dow Jones Reprints at 1-800-843-0008 or visit www.djreprints.com

Inmate Name: Norman Shelton
Register Number: A5964-066
United States Penitentiary
P.O. Box 1000
Lewisburg, PA 17837

FEB 07 2012

Legal Mail

Office of the Clerk
United States District Court
William J. Nealon Federal Bldg & U.S. Courthouse
235 North Washington Ave.
P.O. Box 1148
Scranton, Pa. 18501-1148

18501$1148