**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **NORMAN SHELTON,** : | |
| **Plaintiff** : | **CIVIL ACTION NO. 3:11-0368** |
| **v.** : | **(JUDGE MANNION)**[1] |
| **WARDEN BLEDSOE, et al.,** : | |
| **Defendants** : | |

## M E M O R A N D U M

Presently before the court is Plaintiff's motion for protective order, filed pursuant to Fed.R.Civ.P. 26(c)(1)(E), in which Plaintiff requests that: (1) the only individuals allowed to attend each Defendant's or witness's[2] deposition are the deponent, court reporter, and counsel; (2) Defendants' and witnesses' common counsel may not inform Defendants or witnesses, orally or through provision of a transcript, of the substance of another Defendant's or witness's deposition testimony; (3) Defendants and witnesses are barred from discussing their deposition testimony with each other until after the completion of all depositions in the case; and (4) a Defendant or witness may not obtain

---

[1]This case was reassigned to the undersigned on November 3, 2016.

[2]In addition to the remaining Defendants in this case, Plaintiff plans to depose the following correctional officers, ranking officers, or medical personnel employed at USP-Lewisburg: ME Potter, Lt. Benfer, Lt. Jordon, SO Murray, SOS Lesho, and Paramedic B. Walls. (See Doc. 221). These individuals filed reports in connection with the use of force incident that is the subject matter of this lawsuit. Id.

a copy of his or her own or another Defendant's or witness's deposition transcript until after the completion of all depositions in this case. (Doc. 221).

For the reasons set forth below, Plaintiff's motion for protective order will be **DENIED**.

## I.   PROCEDURAL HISTORY

On February 25, 2011, Plaintiff, Norman Shelton, an inmate formerly confined in the United States Penitentiary, Lewisburg, Pennsylvania ("USP-Lewisburg"), filed the above captioned Bivens[3] action. (Doc. 1).

By Memorandum and Order dated February 12, 2012, the Court granted summary judgment in favor of all Defendants and closed the above captioned action. (See Docs. 136, 137).

Shelton filed an appeal to the United States Court of Appeals for the Third Circuit, and on March 13, 2013, the Court of Appeals affirmed in part and reversed as to Plaintiff's claim that Defendants allegedly used excessive force against him on August 30, 2009. (See Doc. 147). Thereafter, the case was re-opened and the parties were permitted to conduct additional discovery. To date, the depositions of  Benfer, Galletta, Whitaker, Heath, Murray, and Lesho have been completed. Four additional depositions are scheduled for future dates.

---

[3]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

On February 23, 2017, Plaintiff filed the instant motion for a protective order. (Doc. 220). In support of his motion for a protective order, Plaintiff relies upon the following three cases: Dade v. Willis, No. Civ. A. 95-6869, 1998 WL 260270 at *1 (Apr. 20, 1998); McKenna v. City of Phila., Nos. Civ. A 98-5835, 99-1163, 2000 WL 1781916 (E.D. Pa. Nov. 9, 2000); and Smith v. Ramsey, 2:13-cv-00326, 2016 WL 3059375, (E.D. May 31, 2015). All three cases involve the same type of Defendant, Philadelphia police officers.

In Dade v. Willis, No. Civ. A. 95-6869, 1998 WL 260270, at *1 (Apr. 20, 2998), the plaintiff alleged that he was arrested by two Philadelphia police officers. During the arrest one of the officers allegedly tripped the plaintiff causing his pants to fall down, and then the other allegedly pushed him to the curb, thereby causing his genitals to be cut. The court noted under previous Rule 26(c)(5) of the Federal Rules of Civil Procedure, "a court may, on good cause shown, issue a protective order requiring that a deposition be conducted 'with no one present except persons designated by the court.'" Id., at *1 (citing Fed.R.Civ.P. 26(c)(5)). The plaintiff sought to limit the depositions to just the party to be deposed, counsel, and the court reporter, and prevent counsel for the defendants from informing the other party about the testimony. See id.

The Dade court noted a judge will only exclude a party from a deposition if there are "extraordinary circumstances." Id. (quoting 8 Wright and Miller, Federal Practice And Procedure, §2041, at 536 (1994). To come to this

conclusion, courts must rigorously analyze the parties and issues involved and require a specific showing by the movant. Id. (citing Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (holding excluding parties should be ordered rarely); BCI Commun. Sys., Inc. v. Bell Atlanticom Sys., Inc., 112 F.R.D. 154, 160 (N.D. Ala.1986) (holding plaintiff must show more than "ordinary garden variety or boilerplate 'good cause' facts which will exist in most civil litigation"); Kerschbaumer v. Bell, 112 F.R.D. 426, 426–427 (D.D.C.1986) (noting that courts should only bar parties from attending depositions in very limited circumstances).

That court found extraordinary circumstances because the civil rights claims were matters solely within the knowledge of the Philadelphia police officers, and credibility is at issue. The defendant officers were also partners on the police force and there was a risk that the testimony of one would consciously or subconsciously influence the testimony of the other. The court found that one officer may bolster or eliminate inconsistencies. The court made note that these were police officers and they had an unfair advantage over someone in jail. Id., at *2-3. Thus, the court granted the protective order requested by the plaintiff.

In McKenna v. City of Phila., Nos. Civ. A 98-5835, 99-1163, 2000 WL 1781916 (E.D. Pa. Nov. 9, 2000), the defendants in an employment discrimination matter filed a motion to prevent the plaintiffs from attending their depositions, discussing their testimony, reading each other's transcript,

4

and preventing counsel from informing each plaintiff about the substance of the other's testimony. The court issued the order because the plaintiffs had prior relationships, working at the Philadelphia Police Department and many of the retaliatory acts happened at the police station. Id., at 1.

In Smith v. Ramsey, 2:13-cv-00326, 2016 WL 3059375, (E.D. May 31, 2015), the plaintiff alleged that he encountered three police officers on the streets of Southwest Philadelphia. One officer allegedly struck the left side of the plaintiff's face with a hard object before throwing him to the ground and placing him in handcuffs. Five other officers arrived on the scene and the plaintiff claims that, while he was faced down on the ground with handcuffs behind his back, these five began to kick him in his rib area. Another officer also allegedly stomped on the plaintiff's face, and two other officers pulled and twisted his fingers. Id., at *1.

The plaintiff sought "the entry of a protective order that would restrict who may be present at the depositions of each of the Defendant police officers and prevent the Defendants from learning of each other's testimony until they have all been deposed." Id. The court asked the plaintiff to provide his reasoning in a letter to the court. Id. The court noted the letter was attached to the memo, but on WESTLAW, the letter does not appear. Id.

The court noted that it may issue an order "'designating the person who may be present while . . . discover is conducted. Id. (quoting Fed. R. Civ. P. 26(c)(1)(E)). The defendant officer argued that the protective order should not

5

be entered because they have already testified before the Philadelphia internal affairs and these recorded statements would prevent them from changing their stories. Id., at *2. The court rejected this argument because the transcripts were less than 3 pages, and there were less than 15 follow-up questions. The court found that the "intricacies" of the night in question would be probed by plaintiff's counsel and there was a risk that even subconsciously the witnesses' testimony may be changed. The court granted the plaintiff's motion and ordered a protective order requested by the plaintiff. Id., at *3.

Plaintiff argues that the circumstances and relationship between the parties in the instant case fit squarely with those present in Smith, Dade, and McKenna. (Doc. 221 at 4-5). Plaintiff claims that Defendants and all other witnesses, except for Plaintiff, who will give depositions and testify at trial are correctional officers or employees of USP-Lewisburg, and that other than inmate Graham—the inmate who initially attacked Plaintiff—Defendants and their co-workers at USP-Lewisburg are the only witnesses to the events that happened inside of Plaintiff's cell. Id. Plaintiff believes that these individuals, as law enforcement officers and medical personnel, may enjoy authority with the jury that stands in contrast to Plaintiff's inmate status. Id. Moreover, he claims that given that Defendants and the witnesses are colleagues at the same prison facility—a high-stress environment very similar to a police department—they may have a camaraderie like that contemplated by the McKenna court. Id. Additionally, he claims that although incident reports filed

in this matter suggest that a videotape was made at some point after the incident and during the course of prison officials' investigation of the use of force against Plaintiff, nothing in the reports suggest that surveillance video exists that captured the use of force incident inside of Plaintiff's cell, and the testimony of the parties and witnesses will therefore play a central role in the case, and a credibility battle is likely to result. Id. Lastly, Plaintiff argues that due to the passage of time since the incident at issue, the difficulty of remembering events after a prolonged period of time suggests there is an increased likelihood that a Defendant's testimony may be influenced, even if unintentionally, by the other Defendants' deposition testimony. Id.

## II.   DISCUSSION

Fed.R.Civ.P. 26(c)(1)(E) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... designating the persons who may be present while the discovery is conducted ...." Rule 26(c) has been described as "highly flexible, having been designed to accommodate all relevant interests as they arise .... [T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case." See Gill v. Gulfstream Park Racing Ass'n., Inc., 399 F.3d 391, 402 (1st Cir.2005) (quoting United States v. Microsoft Corp., 165 F.3d 952, 959–60 (D.C. Cir.1999)).

Absent a court order to the contrary, parties may attend depositions, and "due to the heightened interests of parties in the proceedings, 'factors that might justify exclusion of non-parties from a deposition might not be sufficient to exclude parties because of the parties' more substantial interests in being present'." Dade, supra (quoting Hines v. Wilkinson, 163 F.R.D. 262, 266 (S.D.Ohio 1995)). For this reason, courts generally are loath to exclude parties from depositions in the absence of "compelling or exceptional circumstances." BCI Commc'n Sys., Inc. v. Bell Atlanticom Sys., Inc., 112 F.R.D. 154, 160 (N.D.Ala.1986); see also Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (stating that "such an exclusion should be ordered rarely indeed"); Kerschbaumer v. Bell, 112 F.R.D. 426, 426 (D.D .C.1986) ("Most courts have granted protective orders to bar parties from attending depositions only in very limited circumstances.").

In the present case, the Court finds that Plaintiff has not adequately demonstrated that Defendants have falsified testimony or would be likely to do so. Moreover, the Court notes that Plaintiff is represented by skilled and able counsel. Finally, sequestration of Defendants, who are coworkers, at deposition will not necessarily avoid the harm Plaintiff seeks to prevent. In sum, plaintiff has failed to offer information sufficient to meet his burden of persuasion pursuant to Fed.R.Civ.P. 26(c). The Court's discretion should be invoked sparingly and the moving party is required to demonstrate good cause for sequestration. See Kerschbaumer v. Bell, 112 F.R.D. 426

8

(D.D.C.1986). The weight of the authority holds that parties should not be excluded from depositions "because of some inchoate fear that perjury would otherwise result." Laws v. Cleaver, No. 3:96CV92 (JBA)(JGM), 2000 WL 87160, at *1 (D.Conn. Jan. 6, 2000) (quoting Kerschbaumer, 112 F.R.D. at 427); see also Baylis v. Pirelli Armstrong Tire Corp., No. 3:97 CV 729 PCD, 1997 WL 1052016, at *2 (D.Conn. Oct. 31, 1997) ("Tactical considerations such as a desire to secure the independent recollection of witnesses or avoid the tailoring of testimony are per se not compelling and will not justify exclusion [of parties]. We will not restructure the adjudicative process to manufacture opportunities for counsel to 'catch' witnesses in inconsistent statements.... For such we must rely on the competence and skill of counsel in cross-examination." (quoting Visor v. Sprint/United Management Co., No. CIV.A. 96–K–1730, 1997 WL 567923, at *3 (D.Colo. Aug. 18, 1997))).

Simply put, credibility is an issue in every case, and without a specific, particularized reason for believing that these Defendants are any more likely than the average defendants to provide perjurious testimony, the Court is not willing to exclude Defendants from proceedings in a suit they have been called upon to defend. See Kerschbaumer, 112 F.R.D. at 426 ("Nor can the Court discover any principle to support granting plaintiffs' motion here but denying similar motions in the numberless other cases where credibility looms large."). Testimony of one defendant closely mirroring that of another is grist for the adversarial-system mill, which serves as the traditional and well-tested

9

safeguard for perjury. Picard v. City of Woonsocket, No. CA 09-318 S, 2011 WL 3740673, at *4 (D.R.I. Aug. 23, 2011). As such, Plaintiff has failed to offer information sufficient to meet his burden of persuasion pursuant to Fed.R.Civ.P. 26(c), and his motion for protective order will be denied. An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 21, 2017**
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2011 MEMORANDA\11-0368-01.wpd